ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 19, 2013

Ms. Michelle Hunter
Executive Director
State Bar of Texas
Post Office Box 12487
Austin, Texas 78711

Opinion No. GA-0995

Re: Whether State Bar of Texas president-elect candidates who are nominated by petition under subsection 81.019(c), Government Code, are nevertheless subject to State Bar of Texas election rules and policies (RQ-1088-GA)

Dear Ms. Hunter:

You ask whether State Bar of Texas (the "State Bar") president-elect candidates nominated by petition under subsection 81.019(c) of the Government Code are subject to State Bar election rules and policies.[1] The State Bar is defined by statutes as an administrative agency of the judicial department of government whose purpose is to aid the Texas Supreme Court in the Court's regulation of the practice of law in Texas. TEX. GOV'T CODE ANN. § 81.011(a)–(b) (West 2005). The Supreme Court exercises administrative control over the State Bar and promulgates the rules under which the State Bar is governed. *Id.* §§ 81.011(c), .024(a). The State Bar board of directors (the "Board") is the governing body within the State Bar. *Id.* § 81.020(a); Tex. State Bar R. art. IV, § 1(D), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (West Supp. 2012) (entitled "State Bar Rules").

Section 81.019 of the Government Code pertains to the election of the State Bar officers, which are the president, president-elect, and immediate past president. TEX. GOV'T CODE ANN. § 81.019(a) (West 2005). Specifically, section 81.019 provides:

> (b) *Except as provided by Subsection (c)*, the officers shall be elected in accordance with rules for the election of officers and directors prepared and proposed by the supreme court as provided by Section 81.024.
>
> (c) *The election rules must permit* any member's name to be printed on the ballot as a candidate for president-elect if a written petition requesting that action and signed by at least five percent of

---

[1]Letter from Ms. Michelle Hunter, Exec. Dir., State Bar of Tex., to Honorable Greg Abbott, Tex. Att'y Gen. at 1–2 (Oct. 2, 2012), http://texasattorneygeneral.gov/opin ("Request Letter").

> the membership of the state bar is filed with the executive director at least 30 days before the election ballots are to be distributed to the membership.

*Id.* § 81.019(b)–(c) (emphasis added); *see id.* § 81.024 (directing the Supreme Court to promulgate the rules governing the State Bar).

You ask "whether president-elect candidates nominated by petition under section 81.019(c) are subject to State Bar election rules and policies." Request Letter at 1–2. Subsection (c) is a limited exception to subsection (b). The phrase, "[e]xcept as provided by . . .," in subsection (b) has led some to believe that subsection (c) allows an officer to be elected completely outside of the State Bar election rules promulgated by the Supreme Court. *See* Request Letter at 1. Subsection (c), however, is merely a specific legislative requirement as to what the "election rules must permit." TEX. GOV'T CODE ANN. § 81.019(b)–(c) (West 2005). The phrase, "[e]xcept as provided by Subsection (c)," ensures that the substantive requirements of subsection (c) are in effect regardless of whether those requirements are reflected in the rules. It does not exempt candidates from those rules. *Id.* § 81.019(c). Therefore, subsection (c) does not exempt president-elect write-in candidates from the Supreme Court rules for State Bar elections or from valid Board policies.

We have received briefing suggesting that some portions of the Board's policies are inconsistent with the Supreme Court's rules for the State Bar and with statutes, particularly with regard to the policies and rules governing nomination by petition.[2] Board policy provides that "[a]ny other *qualified* member" may be nominated by petition. State Bar of Tex. Bd. of Dirs. Policy Manual § 2.01.05, at 18 (2012) ("Policy Manual") (emphasis added). Under section 2.01.04 of the Policy Manual, titled "Qualifications," "[a]ny member of the State Bar who meets the eligibility requirements for Officers set forth in the State Bar Act and the State Bar Rules is eligible for nomination for President-elect, *provided such member is not currently serving as a Board [of Directors] member.*" *Id.* § 2.01.04 (emphasis added). Thus, under State Bar policy, sitting members of the Board who otherwise meet all eligibility requirements of the State Bar rules nevertheless are precluded from being nominated for president-elect under Board policy.

By contrast, the applicable State Bar rule directly tracks the language of subsection 81.019(c) by permitting "[a]*ny other member* of the State Bar" to stand for election for president-elect by petition. Tex. State Bar R. art. IV, § 11(B) (emphasis added). By their plain language, neither section 11(B) nor subsection 81.019(c) prohibits sitting Board members from being nominated for president-elect by petition. Policy Manual sections 2.01.04 and 2.01.05 are therefore inconsistent with State Bar rule article IV, section 11(B).

The State Bar Rules provide that "[t]he board shall . . . adopt such regulations and policies, consistent with [chapter 81 of the Government Code] or these Rules . . . ." *Id.* art. IV,

---

[2]Brief from Mr. Steve Fischer, State Bar of Texas Dir. Dist. 11, to Office of the Tex. Att'y Gen., at 2–4 (Oct. 15, 2012) (on file with the Op. Comm.).

§ 1(D).  Further, the Policy Manual acknowledges that no State Bar policy established by the Board "shall be inconsistent or conflict with [chapter 81] [or] the State Bar Rules . . . .  If there is any such inconsistency or conflict, [chapter 81] [or] the State Bar Rules . . . shall take precedence over [the policy]."  Policy Manual at 2.  Board policy sections 2.01.04 and 2.01.05, relating to the eligibility of certain members of the State Bar to stand for election for president-elect, conflict with both subsection 81.019(c) of the Government Code and State Bar rule article IV, section 11(B).  Therefore, those policies are unenforceable.

## S U M M A R Y

State Bar of Texas president-elect candidates nominated by petition under subsection 81.019(c) of the Government Code are subject to all valid State Bar election rules and policies. Board policy sections 2.01.04 and 2.01.05, relating to the eligibility of certain members of the State Bar to stand for election for president-elect, conflict with both subsection 81.019(c) of the Government Code and State Bar rule article IV, section 11(B). Therefore, those policies are unenforceable.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee